[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CONSOLIDATED MEMORANDUM OF DECISION RE MOTIONS FOR SUMMARY JUDGMENT
These consolidated actions, one (the Birnberg case) a foreclosure action and the other (the GF case) an action for declaratory action and monetary damages raise several overlapping issues of fact and law. Three different motions for summary CT Page 8535 judgment have been filed in the two cases. Although there are some important differences between the motions, there are also some common issues of fact and law. The motions were heard in a consolidated hearing on June 22, 1998. In the interests of efficiency, all three motions are addressed in this consolidated decision.
The cynosure of all three motions is a 1994 tax sale of a residential property (the "Property") located at 72 Stepstone Hill Road in Guilford. In order to properly understand the relevant claims, however, some background is necessary.
The Property was the subject of four different mortgages in the mid-1980's, when it was owned by ER Development, Inc. ("ER"). The documents submitted to the court show that it was first mortgaged to The State Street Mortgage Company for $103,500 on September 7, 1984. It was then mortgaged to The First Connecticut Small Business Investment Company ("First Connecticut") three times: on March 14, 1985 for $80,000; on April 25, 1986, for $130,000; and on October 7, 1988, for $875,000. The First Connecticut mortgages have subsequently been assigned a number of times — initially to Jack Birnberg and Victor Harz ("Birnberg and Harz"), co-trustees of the Participants Trust, and later to GF Property Corp. ("GF").
The Birnberg action seeks foreclosure on the Property because of an alleged default on the 1986 note. That action was commenced by service of process on January 11, 1994. On October 18, 1995, North American Financial, LLC ("North American") was made a party defendant to the Birnberg action, for reasons that will soon become apparent.
On June 2, 1994, Barbara A. Kohls, the tax collector of the Town of Guilford ("Kohls") sold the Property to North American pursuant to Conn. Gen. Stat. § 12-157. The facts in the record pertaining to this sale are contained in Kohls' affidavit and in the collector's deed. Kohls states in her affidavit that, "On or about April 18, 1994, I mailed out notices to Jack Birnberg, Trustee and Victor Hartz, Trustee, 720 White Plains Road, Suite 360, Scarsdale, N.Y. of the tax sale scheduled for June 2, 1994 to auction the property located at 72 Stepstone Hill Road, Guilford, CT; their address was obtained from the Guilford Land Records."
On June 8, 1994, Kohls signed a collector's deed (the CT Page 8536 "deed"), conveying the Property to North American. The deed states that E II Holding Company, Inc. ("E II"), which acquired the Property from ER in 1991, had neglected to pay taxes on the Property for 1991, 1992, and 1993, and that the unpaid taxes amounted to $14,803.10. The deed further recites that, "On the 2nd day of June, 1994, no one having previously tendered me said tax with interest and my fees, in pursuance of said levy, and in accordance with the terms of said notices, I sold at public auction the whole of said real estate of [E II] to [North American], inasmuch as no one offered to take any less thereof for the amount due, for the sum of . . . $17,989.17, being the amount of the tax levied for, with interest, and my fees."
By the time of the events just described, the 1988 mortgage had been assigned to GF. The instrument of assignment was signed on December 9, 1993. It was recorded in the Guilford land records on January 12, 1994. There is, as far as I understand, no contention that GF received actual notice of the June 2, 1994 tax sale prior to the sale date. On or about June 10, 1994, however, Barry Feldman ("Feldman"), the vice president of GF, telephoned Kohls' office to ask about the taxes that were due on the Property. Kohls told him that, "We just sold that on a tax sale several days ago." Feldman testified at his deposition that he did not realize the significance of this information, but it is undisputed that the words just described were spoken to him. Kohls further states in her affidavit that she told Feldman that he had one year from June 2, 1994, to redeem the Property by paying the back taxes plus costs and interest and that if he did not redeem the property prior to June 2, 1995, it would be transferred to the successful bidder. Kohls also states that she gave him the name and address of North American. Following this conversation, on November 22, 1994, counsel for North American wrote a letter to Feldman, giving him instructions on how to redeem. The parties dispute whether Feldman received this letter. GF took no action to have the deed set aside during the one year period following the sale.
The GF action was commenced by service of process on June 4, 1996. The GF action seeks declaratory relief and monetary damages against the Town of Guilford, Kohls, and North American. The complaint contains six counts. The first count seeks a declaratory judgment that Conn. Gen Stat. § 12-157 violates the due process clauses of the Fifth andFourteenth Amendments to the federal constitution and article First, § 8
of the Connecticut constitution. The second count is an action brought CT Page 8537 against Kohls and the Town under 42 U.S.C. § 1983. The third count seeks damages for unjust enrichment against North American. The fourth count seeks damages for negligence against Kohls and the Town. The fifth count seeks a declaratory judgment that the notice to GF violated the due process clauses of the state and federal constitutions. The sixth count seeks redress under 42 U.S.C § 1983 against Kohls and the Town for their alleged failure to notify GF.
GF and North American have filed separate motions for summary judgment in the GF case. GF's motion (no. 106) was filed on March 6, 1997. North American's motion (no. 113) was filed on October 15, 1997. North American also filed a motion for summary judgment (no. 132) in the Birnberg case on October 17, 1997. It will be helpful to consider these motions in the order in which they were filed.
GF's motion in the GF case first claims that Conn. Gen. Stat. § 12-157 violates the due process clauses of the state and federal constitutions. Although GF claims a violation of its state constitutional rights, it has presented no separate analysis of its state constitutional argument, and that argument must be deemed abandoned. GF's argument focuses squarely on the federal constitution. Its federal constitutional arguments, however, have been all but doomed by Associates FinancialServices of America, Inc. v. Sorenson, 46 Conn. App. 721,700 A.2d 107 (1997), appeal dismissed, 245 Conn. 168 (1998), decided by the Appellate Court after GF's initial brief in the GF case was filed. Associates Financial holds that, "the notice provided by § 12-157 is reasonably calculated to apprise all interested parties of the tax sale and, is, therefore, proper [under the due process clause]." 46 Conn. App. at 726. It further holds that, "§ 12-157 does not violate due process because it fails to provide for a hearing or judicial review [of the valuation and sale]." Id. at 728.
Associates Financial is dispositive of GF's constitutional claims that the statute provides insufficient notice and hearing. GF additionally claims that § 12-157 is unconstitutional because it does not make any provision for the distribution of proceeds of the tax sale that exceed the taxes owed. In the context of this case, however, GF's argument is strictly hypothetical. The documents submitted to the court establish that no surplus proceeds of this description were realized by the tax sale. CT Page 8538
GF finally claims that § 12-157 makes no provision to compensate it for the loss it suffered as a result of the sale of the Property for less than market value. Insofar as this argument asserts a procedural due process claim, it is adequately answered by Associates Financial's holding that there is no right to a hearing or judicial review concerning the adequacy of the sales price. Insofar as it asserts a substantive due process argument that GF has a protected substantive due process interest in the "fair market value" of the property sold, the claim in question is unpersuasive as well. The substantive due process entitlement that GF claims, namely an interest in the Property, "must have a basis in some source of state law." New England Savings Bank v.Lopez, 227 Conn. 270, 277, 630 A.2d 1010 (1993). There is, however, no basis in Connecticut law for the proposition that a mortgagee is entitled for compensation for the fair market value of property sold in a tax sale. Indeed as Lopez explains, the usual notion of fair market value is inconsistent with the notion of a compulsory sale, such as a foreclosure or tax sale. Id. at 280. In sales of this description, "there is no asking price, no offer and counteroffer, and no opportunity for the parties to bear the respective market risks." Id. at 281. Under these circumstances, state law does not provide a basis for a substantive due process interest in the fair market value of property sold at a tax sale. See id. at 282. Absent such a substantive interest, GF's due process claim must fail.
The second count of GF's complaint alleges that Kohls and the Town deprived GF of its constitutional rights by selling the Property pursuant to Conn. Gen. Stat. § 12-157. Because GF's facial attack on § 12-157 has failed, the second count, directed against Kohls and the Town on the same legal theory, must fail as well.
The third count of GF's complaint is directed against North American on the theory of unjust enrichment. Although unjust enrichment is an equitable doctrine, its powers are not so unlimited as to allow a remedy against a purchaser of property at a sale expressly allowed by law. "[I]t is well established that `[c]ourts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law.' Hedges v. Dixon County, 150 U.S. 182, 192 (1893)."Immigration and Naturalization Service v. Pangilinan,486 U.S. 875, 883 (1988). "When the rights of a party are clearly established by defined principles of law, equity should not CT Page 8539 change or unsettle those rights." First Federal Savings LoanAssociation v. Swift, 321 A.2d 895, 897 (Pa. 1974). In this case, the rights of the parties are specifically established by the Connecticut statutes governing tax sales. "Where, as here, the parties' rights are regulated and fixed by a comprehensive scheme of legislation, the maxim `equity follows the law' is entitled to the greatest deference." Id. at 898. Under these circumstances, GF is not entitled to damages in unjust enrichment from North American.
GF's remaining claims, involving theories of negligence and ineffective notice, are directed against Kohls and the Town. GF candidly conceded at argument that these claims involve numerous disputed issues of fact. Kohls and the Town agree. Under these circumstances, the evidence submitted as to these claims fails to show that there is no genuine issue as to any material fact. See P.B. § 17-49.
For these reasons, GF's motion for summary judgment in theGF case (no. 106) must be denied in its entirety.
The analysis already given is sufficient to establish that North American must prevail on its motion for summary judgment in the GF case. It should be remembered that only the first and third counts of GF's complaint are directed against North American. For the reasons already given, neither of those claims can be sustained as a matter of law. Under these circumstances, North American is entitled to judgment in the GF case as a matter of law. P.B. § 17-49 North American's motion for summary judgment in the GF case (no. 113) must be granted in its entirety. Judgment shall enter for the defendant, North American, on the first and third counts of the GF complaint.
The final motion to be considered is North American's motion for summary judgment in the Birnberg case. North American's theory of the case is grounded in its possession of the collector's deed. Conn. Gen Stat. § 12-159 provides that, "Any deed . . . purporting to be executed by a tax collector . . . shall be prima facie evidence of a valid title in the grantee to the premises therein purported to be conveyed." Such title is encumbered only by certain taxes, easements, and similar interests not at issue in this case. Id.
GF's response to North American's motion is twofold. First, GF contends that Conn. Gen. Stat. § 12-157 is CT Page 8540 unconstitutional. That contention must be rejected for reasons already set forth. Second, GF contends that there is a genuine issue of material fact concerning the notice and knowledge requirements of § 12-159. Those requirements must now be described.
Sec. 12-159 provides that, "No act done or omitted relative to the assessment or collection of a tax . . . including the . . . sale of property therefor, shall in any way affect or impair . . . the validity of such sale, unless the person contesting the validity of such sale shows that the collector neglected to provide notice pursuant to section 12-157, to him or his predecessors in title, and who had a right to notice of such sale, and that he or they in fact did not know of such sale within one year after it was made. . . ." Under this statute, GF must show two different facts to contest the validity of the sale in question. It must establish lack of notice pursuant to §12-157 to it or its "predecessors in title." It must additionally prove that it "In fact did not know of such sale within one year after it was made." Associates Financial, supra,46 Conn. App. at 730. Each of these requirements must be examined in light of the evidence submitted in this case.
While there is no evidence — and, as I understand the arguments, no contention — that GF received actual notice pursuant to § 12-157, there is uncontradicted evidence that Birnberg and Harz received such notice. Although Birnberg and Harz had assigned their interest in the mortgage in question to GF at the time of the notice (the assignment of the 1986 mortgage was recorded on January 12, 1994, the same day that the assignment of the 1988 mortgage was recorded), they were GF's "predecessors in title." "[A] mortgagee in Connecticut, both by common-law rule and by statute, is deemed to have taken legal title upon the execution of a mortgage on real property."Conference Center Ltd. v. TRC, 189 Conn. 212, 218, 455 A.2d 857
(1983). Under this analysis, GF cannot satisfy the notice prong of the § 12-159 test as a matter of law.
GF is similarly precluded from satisfying the knowledge prong of the § 12-159 test. Feldman admits that Kohls told him in early June 1994 that, "We just sold [the Property] on a tax sale several days ago." He contends that he did not understand the consequences of a tax sale, but a lack of understanding of the consequences is immaterial for purposes of the statute. The statute only requires knowledge "of such sale." A person "knows" CT Page 8541 a fact if he is actually aware of that fact. Keller v.United States, 889 F. Sup. 359, 361 (W.D.Ark. 1995). Feldman was actually aware of the tax sale in question within a few days of the sale. Since he was vice president of GF, his knowledge must plainly be imputed to GF.
GF can challenge the validity of the tax sale here only of it satisfies both the notice and the knowledge tests of § 12-159. The facts submitted by the parties firmly establish that, under the circumstances here, it cannot as a matter of law satisfy either of these tests. GF has failed to provide the evidentiary foundation necessary to demonstrate the existence of a genuine issue as to any material fact concerning the validity of the tax sale or the subsequent collector's deed.
Under these circumstances, GF cannot overcome the prima facie evidence of unencumbered title. Associates Financial, supra,46 Conn. App. at 731. North American's motion for summary judgment (no. 132) in the Birnberg case must consequently be granted.
For the reasons set forth above, GF's motion for summary judgment (no. 106) in the GF case is denied. North American's motion for summary judgment (no. 113) in the GF case is granted. North American's motion for summary judgment (no. 132) in theBirnberg case is granted.
Jon C. Blue Judge of the Superior Court